UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


MARCUS B. HARRIS,

        Plaintiff,

v.                                     Case No:  8:14-cv-701-T-23AEP

PUBLIX SUPERMARKETS, INC., *et al.*,

        Defendants.

_____/


## REPORT AND RECOMMENDATION

      Plaintiff, a prisoner in the Florida Department of Corrections who proceeds in this matter *pro se*, filed a Complaint (Doc. 1) asserting claims against Publix Supermarkets, Inc. ("Publix"), a loss prevention officer, and the company who employed the loss prevention officer.  Upon consideration of the allegations in the Complaint and Plaintiff's Affidavit of Indigency[1] (Doc. 3), which the Court construed as a motion for leave to proceed *in forma pauperis*, the Court denied Plaintiff's construed motion because Plaintiff failed to state a cognizable federal claim and because the Complaint suffered from several noted deficiencies (Doc. 8).  After consideration, the Court permitted Plaintiff to file an amended complaint. Plaintiff then timely filed his Amended Complaint against the same Defendants but added Publix Store Manager Thomas Roessell ("Roessell") as an additional Defendant (Doc. 10).

---

[1]  Given that Plaintiff is currently incarcerated, he also submitted his certified copy of the trust fund account statement for the 6-month period immediately preceding the filing of the Complaint in accordance with 28 U.S.C. § 1915(a)(2).  Plaintiff's inmate trust fund account indicates that he maintained $58.27 in his account as of February 28, 2014 (Doc. 3).

Currently before the Court is Plaintiff's request, pursuant to 28 U.S.C. § 1915, to proceed *in forma pauperis* on the claims asserted in the Amended Complaint.

Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor.  28 U.S.C. § 1915(a)(1).  When an application to proceed *in forma pauperis* is filed, the Court must review the case and dismiss it *sua sponte* if the Court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure.  *Leonard v. F.B.I.*, 405 Fed. App'x 386, 387 (11th Cir. 2010) (*per curiam*) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).  Namely, dismissal for failure to state a claim is appropriate if the facts, as pled, fail to state a claim for relief that is "plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  Furthermore, an action is frivolous where the allegations are "clearly baseless," "fanciful," "fantastic," "delusional," or without "an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31-33 (1992); *see Neitzke v. Williams*, 490 U.S. 319, 324-29 (1989).  Accordingly, where a district court determines from the face of the complaint that the factual allegations are clearly baseless or the legal theories are indisputably without merit, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process.  *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (*per curiam*).  In reviewing a complaint, courts hold *pro se* pleadings to a less stringent standard and therefore construe the complaint more liberally.  *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (*per curiam*) ("*Pro se* pleadings are held to a less stringent standard

than pleadings drafted by attorneys and will, therefore, be liberally construed" (citation omitted)).

As an initial matter, and as noted previously, this is not Plaintiff's first attempt to assert a claim of discrimination against a private entity pursuant to 42 U.S.C. § 1981 or to seek relief in federal district court.  *See, e.g.,* Case Nos. 8:98-cv-535-T-17, 8:00-cv-105-T-25MSS, 8:00-cv-110-T-26EAJ, 8:00-cv-391-T-24EAJ, 8:10-cv-1895-T-30AEP,[2] 8:12-cv-717-T-27MAP, and 8:13-cv-465-T-23TGW.  Under 28 U.S.C. § 1915,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  In most, if not all, of the cases filed by Plaintiff, the claims and appeals were summarily dismissed as frivolous.  Indeed, as United States District Judge Steven D. Merryday explicitly stated in a prior case filed by Plaintiff in this Court, "[b]ecause he has had three or more qualifying dismissals under Section 1915(g) and is not under imminent danger of a serious physical injury, Harris is not entitled to proceed *in forma pauperis.*"  *Harris v. Gee*, Case No. 8:13-cv-465-T-23TGW (Doc. 5) (filed Apr. 4, 2013).  For the same reason, Plaintiff should not be allowed to proceed in this action *in forma pauperis*.  Plaintiff already received numerous opportunities to state non-frivolous claims in this Court, yet has repeatedly failed to do so.  Moreover, Plaintiff is not currently under any imminent danger of serious physical injury.  As a result, Plaintiff should be precluded from proceeding in this action *in forma pauperis*.

---

[2] In his Complaint and Amended Complaint in this action, Plaintiff lists Marzuq Al-Hakim as an alias (*see* Docs. 1, 10).  In Case Nos. 8:00-cv-391-T-24EAJ and 8:10-cv-1895-T-30AEP, Plaintiff identified himself as Marzuq A. Al-Hakim rather than Marcus B. Harris.

Furthermore, Plaintiff again failed to state a viable federal claim in his Amended Complaint, and, accordingly, the Amended Complaint should be dismissed.   In the Amended Complaint, Plaintiff alleges that he is a "Black Citizen," "a disabled person," and a "mentally challenged consumer" (Doc. 10, at 2).  Plaintiff alleges that, on February 10, 2012, he went into Publix Store No. 399, as an invitee of Publix, to purchase consumer products (Doc. 10, at 4).  Prior to his visit, Publix Store No. 399 and U.S. Security Associates, Inc. ("U.S. Security"), allegedly entered into a contract to employ Alfredo Hernandez ("Hernandez") as a loss prevention officer (Doc. 10, at 4).  According to Plaintiff, he went into Publix Store No. 399 to purchase medication on the date in question, felt that Hernandez watched him while Fernandez was on duty as a loss prevention officer at Publix Store No. 399, and, given Hernandez's surveillance, Plaintiff discarded his merchandise and left the store (Doc. 10, at 4-5).  As Plaintiff left the store, Hernandez allegedly approached Plaintiff, which Plaintiff contends violated provisions of a Publix manual and resulted from the improper training of Hernandez by Roessell and U.S. Security (Doc. 10, at 5, 7, 8).  Plaintiff further alleges that Hernandez then authored a false report to local law enforcement regarding this encounter, including a claim that Plaintiff used a knife in leaving the store, which ultimately led to Plaintiff's "false fabricated robbery charge" (Doc. 10, at 5).  Plaintiff asserts that the charge was later reduced to petit theft, to which Plaintiff pled guilty (Doc. 10, at 5).  Plaintiff alleges that, prior to his guilty plea, he faxed a request to Publix to withdraw prosecution and informed Publix of his "mentally challenged" condition (Doc. 10, at 6).  Plaintiff also asserts that he faxed a "notice of claim of negligence" to U.S. Security (Doc. 10, at 6).  Neither communication resulted in action by Defendants.  As a result of the foregoing, Plaintiff seeks to assert a claim pursuant to 42 U.S.C. § 1981 against Defendants for alleged racial profiling as a "third party beneficiary to contract insurance risk liability" (Doc. 10, at 6, 7).

As articulated in the Court's prior Order (Doc. 8), to state a claim under 42 U.S.C. § 1981,[3] a plaintiff must allege that he or she is a member of a racial minority, the defendant intended to discriminate based on race, and the discrimination concerned one or more of the activities enumerated in the statute. *Kinnon v. Arcoub, Gopman & Assocs., Inc.*, 490 F.3d 886, 891 (11th Cir. 2007). "Section 1981 does not provide a general cause of action for all racial harassment that occurs during the contracting process." *Id.* at 892. Notably, any claim brought pursuant to 42 U.S.C. § 1981 must identify an impaired contractual relationship under which a plaintiff has rights. *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006). An individual seeking to make or enforce a contract under which he or she has rights will have a cognizable claim under 42 U.S.C. § 1981, whereas an individual seeking to make or enforce a contract under which someone else has rights will not. *Domino's Pizza, Inc.*, 546 U.S. at 475 n.2. Indeed, 42 U.S.C. § 1981 "offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship, so long as the plaintiff has or would have rights under the existing or proposed contractual relationship." *Domino's Pizza, Inc.*, 546 U.S. at 476. In the context of a retail transaction, a plaintiff must demonstrate the loss of an actual contract interest. *Kinnon*, 490 F.3d at 892.

---

[3] The statute provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." 42 U.S.C. § 1981(a). Under the statute, "the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

As currently set forth in the Amended Complaint, Plaintiff's allegations do not state a cognizable federal claim under 42 U.S.C. § 1981.  Though Plaintiff alleged that he is a member of a racial minority and that the actions taken by Hernandez were taken with a discriminatory intent, he does not allege any contractual relationship under which he had any rights.  As in the original Complaint, Plaintiff simply alleges in a cursory fashion that he is a third-party beneficiary of a contract between Publix and U.S. Security.[1]  Plaintiff fails, however, to demonstrate how he has any enforceable rights under such contract or how he can be construed as an intended third-party beneficiary of such contract.

Furthermore, Plaintiff fails to allege that he attempted to create a contractual relationship with Publix for the purchase of goods and was precluded from doing so for discriminatory reasons.  Instead, Plaintiff alleged that he threw the items in his possession back onto the shelf and left the store without attempting to purchase anything (Doc. 10, at 5).  Without any allegations that Plaintiff attempted to purchase items and was denied the ability to do so as a result of any Defendant's conduct, Plaintiff failed to allege the loss of an actual contractual interest.  *See Kinnon*, 490 F.3d at 892 (claim under 42 U.S.C. § 1981 failed absent evidence that, in a retail context, the plaintiff "was actually denied the ability either to make, perform, enforce, modify, or terminate a contract" (citation omitted)); *see also Morrison v. Borders Bookstore (Winter Park Vill.)*, No. 6:11-cv-31-Orl-19DAB, 2011 WL 485901, at *3 (M.D. Fla. Feb. 7, 2011) (finding that a plaintiff who carried books around the store but ultimately chose not to purchase them did not demonstrate the loss of an actual contract interest because she alleged no facts to indicate formation or attempt to form a contract with the

---

[1]  The Supreme Court left open the possibility that an intended third-party beneficiary to a contract could have rights under 42 U.S.C. § 1981.  *Domino's Pizza, Inc.*, 546 U.S. at 476 n. 3.

defendant).  Accordingly, even construing the allegations in the Amended Complaint liberally, Plaintiff's factual allegations do not establish a plausible claim under 42 U.S.C. § 1981.  Given the allegations in both the Complaint and the Amended Complaint, Plaintiff cannot state a viable claim under 42 U.S.C. § 1981 and allowing any further amendment would prove futile.  As such, the Amended Complaint should be dismissed with prejudice for failure to state a claim.  Accordingly, it is hereby

RECOMMENDED:

1.  Plaintiff's construed motion for leave to proceed *in forma pauperis* (Doc. 3) be denied.

2.  Plaintiff's Amended Complaint (Doc. 10) be dismissed with prejudice.

IT IS SO REPORTED in Tampa, Florida, on this 21st day of October, 2014.

ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice.  28 U.S.C. § 636(b)(1)(C); M.D. Fla. R. 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) (*en banc*).

cc:     Hon. Steven D. Merryday
        Counsel of Record